Marvin Adelberg and Helen Adelberg v. Commissioner.
Adelberg v. Commissioner
Docket No. 1475-68.
United States Tax Court
T.C. Memo 1971-15; 1971 Tax Ct. Memo LEXIS 317; 30 T.C.M. (CCH) 68; T.C.M. (RIA) 71015; January 20, 1971, Filed Marvin Adelberg, pro se, 4043 Cody Rd., Sherman Oaks, Calif. Michael J. Christiason, for the respondent. RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in petitioners' income tax for the calendar year 1962 in the amount of $676.40. The deficiency was based upon four adjustments, only two of which were contested in the pleadings. The issues thus presented are (1) whether the Commissioner erred in allowing a deduction of only $229.60 for "auto expense" out of a total of $785 claimed by petitioners and (2) whether he erred in allowing a deduction of only $400 for "business promotion" expense out of a total of $1,513 claimed by petitioners. Findings of Fact The parties have stipulated certain facts which are incorporated herein by this reference. Petitioners, *318 Marvin and Helen Adelberg, are husband and wife. They filed a joint Federal income tax return for the calendar year 1962 with the district director of internal revenue at Los Angeles, California, and resided in Sherman Oaks, California, at the time the petition in this case was filed. Throughout 1960 and 1961 and through November of 1962, Marvin Adelberg ("petitioner") was a full-time, salaried employee of Space Technology Laboratories ("STL") in El Segundo, California. Petitioner held a master's degree and a Ph.D. in engineering, and during 1962, he served as the head of the heat transfer and fluid mechanics section at STL. In addition, during 1962 petitioner was also employed part-time as an instructor of engineering at the University of California at Los Angeles ("UCLA"). During 1962 approximately 12 engineers were assigned to STL's heat transfer and fluid mechanics section. As the head of that section, petitioner was responsible for their technical reports, which were submitted to him and subsequently distributed to other departments within STL. During 1962, in order to keep abreast of technical developments and professional opportunities in his own specialty and in related *319 fields of engineering, petitioner traveled by automobile from time to time to attend technical meetings, engage in research at a library or possibly several libraries, and meet with other engineers and researchers. STL did not require petitioner to engage in the foregoing activities, although it was wxpected that he would keep up-to-date with developments in his field. Petitioner commuted daily by automobile from his home to STL, a distance of some 4 or 5 miles. Petitioner taught two classes a week at UCLA during the evenings for a period of 36 weeks in 1962. The classes were taught between the hours of 7:00 p.m. and 10:00 p.m., two days a week. On class days, petitioner generally remained at STL until approximately 6:30 p.m. and then drove directly from there to UCLA, about 18 miles away. Occasionally, however, petitioner drove home first, and then drove from his home to UCLA. Upon completing his teaching duties at UCLA he returned home. Petitioner and his wife on occasion entertained at parties held in their home in Sherman Oaks during the evenings in 1962. The guests at such gatherings included other STL employees (including some who worked directly under petitioner's supervision), *320 persons who were employed by other firms in the aerospace industry and who either engaged in or were interested in research related to that conducted by petitioner, and purely social friends who had no connection with petitioner's professional interests. The wives of the foregoing also attended, and on at least one occasion an unmarried guest brought a date. Petitioner took advantage of such occasions to keep aware of research which was being carried out in fields related to his and to learn of opportunities which might be useful to the advancement of his professional career. Petitioner also occasionally entertained friends and professional acquaintances and their wives at meals and on boating trips during 1962. During most of 1963, and all of the years from 1964 through 1967, petitioner served as a full-time independent engineering consultant. As an independent consultant, petitioner was generally employed on a daily basis, ordinarily by government contractors in the aerospace industry. In obtaining 70 consulting contracts, petitioner was aided by relationships which he had developed with some of the individuals whom he and his wife had entertained during 1962. During the *321 year in issue STL's policy was to reimburse its employees for expenditures made in entertaining its current customers and for travel expenses incurred in the pursuit of company business, but not to reimburse them for expenditures they made for the advancement of their own professional careers. Petitioner did not seek reimbursement from STL for the expenditures here in question, nor was he reimbursed for them. However, during 1962, petitioner successfully sought reimbursement from STL for other expenditures which he had made during the year, notably expenses relating to a trip to Seattle in connection with STL's business. On their 1962 income tax returns petitioners claimed deductions for automobile expenses in the amount of $785 and for "business promotion" expenses in the amount of $1,513. Petitioners subsequently executed a series of consents, which in the aggregate extended the period for the assessment of the tax due on their 1962 return until June 30, 1968. On December 29, 1967, the Commissioner mailed a timely statutory notice of deficiency to the petitioners. In it he determined that petitioners were entitled to the following deductions in respect of the claimed automobile *322 and business promotion expenses: Item
Claimed
Allowed
Automobile expenses
$ 785.00
$229.60
"Business promotion" ex- penses
1,513.00
400.00
Opinion RAUM, Judge: The Commissioner contends that petitioners have failed to prove that they actually incurred automobile and "business promotion" expenses in excess of the amounts he has allowed that were proximately related to petitioner Marvin Adelberg's business. The burden of proof is upon petitioners, and in our judgment they have failed to carry it. 1. Automobile expense. The only portion of the claimed automobile expense that was clearly established was the cost of operating petitioner's automobile between STL and UCLA. Ordinarily, commuting expenses are not deductible, ; (C.A. 9), but where the taxpayer has two places of employment the cost of traveling from one of them to the other is a deductible business expense. (C.A. 5); , affirmed per curiam, (C.A. 5). Thus, in *323 this case, the cost of operating petitioner's automobile from his home to STL was a nondeductible commuting expense, the cost of traveling from STL to UCLA was deductible, and, finally, the cost of returning home from UCLA was a nondeductible commuting expense. The distance between STL and UCLA is 18 miles, and petitioner made that one-way trip at most twice a week over a period of 36 weeks, or a maximum total of 1,296 miles. [1] On the basis of 10 cents a mile claimed by petitioner, which the Commissioner does not dispute, the maximum expense incurred in respect of petitioner's travel to UCLA was $129.60. The Commissioner's allowance of a deduction of $229.60 thus represented an allowance in full for the UCLA travel plus $100 for other claimed travel. Although petitioner did engage in some other travel that may perhaps be characterized as proximately related to his trade or business, the proof in respect thereof was so loose and unsatisfactory that we cannot *324 say the Commissioner erred. This is obviously a case for the application of the rule of (C.A. 2), and we hereby find as a fact that petitioner did not incur automobile expenses in 1962 in excess of $229.60 which were proximately related to his trade or business. 2. "Business promotion" expenses. The evidence in support of the claimed $1,513 deduction for "business promotion" expenses was most unsatisfactory. Petitioner offered in evidence copies of some four handwritten sheets purporting to establish the detail of those expenses. These sheets were not records kept in the ordinary course of business; they were prepared and submitted to Government representatives some time in 1966 in connection with the audit of petitioners' 1962 return, here under review. 71 Petitioner was admonished at the trial that the sheets were received in evidence simply as a statement of his claim and not as proof of the items listed therein except to the extent that such items were independently supported by admissible evidence. However, the evidence that was in fact produced was sparse and certainly did not establish to our satisfaction either *325 that all of the expenditures were in fact made or, even if made, that all of them were proximately related to petitioner's trade or business. Indeed, such evidence as was introduced strongly suggested that at least some of the claimed expenditures were purely personal, and that the business aspects relating to some of the remaining expenditures appear to have been merely incidental. In an obvious effort to apply the Cohan rule the Commissioner had allowed a deduction in the amount of $400. On this record, we cannot say that he erred, and we hereby find as a fact that petitioner did not incur "business promotion" expenses in 1962 in excess of $400 which were proximately related to his trade or business. It may be noted that this case involves the year 1962, prior to the effective date of the substantiation provisions of section 274 of the Code, and that if those provisions were applicable petitioners would not have been entitled even to the $400 deduction allowed by the Commissioner. Cf. , affirmed (C.A. 2), certiorari denied, . Decision will be entered for the respondent. Footnotes
1. The actual total was less than that amount, because on some occasions he returned home from STL before going to UCLA, and on such occasions, the round trip from his home to UCLA represented nondeductible commuting travel.↩